# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| COREY YATES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:10-cv-1708-SEB-MJD |
| WILLIAM WILSON, | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

### I.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Corey Yates for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed. This conclusion rests on the following facts and circumstances:

1. Yates was convicted after trial by jury in an Indiana state court of Murder and the Unlawful Possession of a Firearm. He was also found to be an habitual offender. His convictions and sentence were affirmed on direct appeal in *Yates v. State,* Cause Number 02A04-0404-CR-189 (Ind.Ct.App. December 29, 2004). The trial court subsequently denied Yates' petition for post-conviction relief.

2. Yates then filed an action for relief pursuant to 28 U.S.C. § 2254. The § 2254 action was docketed as No. 1:07-cv-985-SEB-DML and was dismissed with prejudice on November 19, 2007.

3. Yates has now filed another petition for writ of habeas corpus, first styled as his motion to rescue him from unlawful confinement No. 1:07-cv-985-SEB-DML and ordered processed as a new habeas action in a written order issued on December 22, 2010. In that petition for writ of habeas corpus, Yates asserts claims which were presented in the first habeas action.

4. The disposition in No. 1:07-cv-985-SEB-DML was based on the determination that Yates had committed unexcused procedural default with respect to his habeas claims. That disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

5. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

6. With the prior habeas petition motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Yates has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/04/2011

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana